Jeremy S. Williams (DC 994825)
Peter J. Barrett
Adolyn C. Wyatt
**KUTAK ROCK LLP**
1021 East Cary Street, Suite 810
Richmond, Virginia  23219
Telephone: (804) 644-1700
Facsimile: (804) 783-6192
*Counsel for the Donald H. Patterson, III Revocable Trust*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CRACKED EGGERY INC., | ) | Case No. 24-00416 (ELG) |
| | ) | |
| Debtor. | ) | Subchapter V |
| | ) | |

**OBJECTION TO APPLICATION TO EMPLOY MCNAMEE HOSEA, P.A.**
**AS COUNSEL FOR DEBTOR AND DEBTOR IN POSSESSION**

The Donald H. Patterson, III Revocable Trust (the "Trust"), by and through its undersigned counsel, files this objection (this "Objection") to the *Application to Employ McNamee Hosea, P.A. as Counsel for Debtor and Debtor in Possession* [Docket No. 6] (the "Application to Employ"), seeking to employ McNamee Hosea, P.A. (the "Professional") under 11 U.S.C. § 327.  In support of the Objection, the Trust states as follows:

**OBJECTION**

1. On December 5, 2024, Cracked Eggery Inc. (the "Debtor") filed the above-captioned bankruptcy proceeding in the face of litigation with the Trust, a shareholder and its largest creditor by a substantial margin, which would have likely forced the principals to relinquish control of the Debtor after years of mismanagement and breaches of fiduciary duty.  This filing was the enactment of the Debtor's threats that either the Trust accept a substantially reduced buyout or face a Chapter 11 proceeding.

2.      No operative motions have been filed in connection with the Debtor's case, just the Application to Employ.  Such is the case because the Debtor's case serves no purpose and is purely a litigation tactic.  Contemporaneously herewith, the Trust has filed a motion to dismiss the Debtor's bankruptcy case (the "Motion to Dismiss").  In light of the Motion to Dismiss, the Application is premature and should be denied pending a ruling on the Motion to Dismiss.

3.      Aside from the pending Motion to Dismiss, the Application also contains irregularities which must be addressed.  For instance, the Application to Employ says that the Professional will represent the Debtor "with respect to Adversary."  The Application to Employ seems to imply that "Adversary" is a defined term.  However, such term is not otherwise defined in the Application to Employ.  Accordingly, the scope of services to be rendered is unclear.

4.      In addition, the Trust believes that the Professional may be the recipient of one or more avoidable transfers given its long-term prepetition representation of the Debtor, an entity which has been insolvent for quite some time.  The Application does not address any prior payments received by the Debtor other than certain retainer payments.  Upon information and belief, the Professional has been representing the Debtor for a much longer period of time, providing services for which it was likely compensated.  It is also unclear how the Debtor tendered a retainer to the Professional given that the Professional does not generate any income.  Without further due diligence on these items, it is unclear if the Professional is truly disinterested as required by 11 U.S.C. § 327(a).

5.      The payment of the retainer, in part, by a director and insider of the Debtor is also disqualifying.  As set forth in more detail in the Motion to Dismiss and as the Debtor is aware, the Debtor likely has a claim for breach of fiduciary duty, among other claims, against such director.  Having such payment be made by a party against which the Debtor has a claim creates the potential for divided loyalties by the Professional.  This mere prospect creates an actual conflict of interest

4926-2101-4280.2

under section 327(c) which precludes the Professional's retention. *See In re Neidig Corp.,* 113 B.R. 696 (D. Colo. 1990).

6.  The Application to Employ is also insufficient as it does not indicate against whom the Professional conducted its conflict search. As the Office of the United States Trustee notes, "Absent complete, clear, and public disclosure of all connections, a court cannot determine whether a professional satisfies the rigorous statutory standard for employment." Retention and Compensation of Professionals in Bankruptcy (Dec. 4, 2019) https://www.justice.gov/ust/Prof_Comp.  The Office of the United States Trustee has further reiterated that at a minimum, professionals must disclose any connection (or the lack thereof) either on the public docket or under seal.  Memorandum from the Clifford J. White III, Director to the United States Trustee (Dec. 4, 2019) https://www.justice.gov/ust/file/generalprinciplesdisclosureconflicts.pdf/dl.  Such standard requires the Professional disclose who it conducted a conflict search against.  In short, disclosure is the key to demonstrating a party is disinterested.  Without additional information, the Application to Employ does not satisfy the standard of section 327.

7.  Pending a hearing on the Motion to Dismiss, further disclosures by the Professional and a determination of the Court as to whether the payment of the retainer by an insider creates an actual conflict, the Application should be denied.

**WHEREFORE**, the Trust respectfully requests that this Court enter an Order denying the Application and granting such other relief as the Court deems appropriate.

[*Remainder of page intentionally left blank*]

4926-2101-4280.2

| | |
|---|---|
| Dated: December 19, 2024 | **DONALD H. PATTERSON, III REVOCABLE TRUST** |
| | /s/ *Jeremy S. Williams* |
| | Jeremy S. Williams (DC 994825) |
| | Peter J. Barrett |
| | Adolyn C. Wyatt |
| | KUTAK ROCK LLP |
| | 1021 East Cary Street, Suite 810 |
| | Richmond, Virginia  23219 |
| | Telephone: (804) 644-1700 |
| | Facsimile: (804) 783-6192 |
| | *Counsel for the Donald H. Patterson, III Revocable Trust* |

## **CERTIFICATE OF SERVICE**

      I hereby certify under penalty of perjury that on December 19, 2024, a true and exact copy of the foregoing was served via CM/ECF or first class mail with postage fully prepaid, to the following necessary parties:

*Debtor:*
Cracked Eggery Inc
c/o George Brickelmaier
5709 3rd St S
Arlington, VA 22204

*Counsel for Debtor:*
Kevin Robert Feig
McNamee Hosea
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770
Email: kfeig@mhlawyers.com

*Subchapter 5 Trustee:*
Lawrence A. Katz
Hirschler Fleischer
1676 International Drive, Suite 1350
Tysons, VA 22102
Email:  lkatz@hirschlerlaw.com

*United States Trustee*
Michael T. Freeman
Office of the United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314

                                           */s/ Jeremy S. Williams*