**KUTAK ROCK LLP**
Jeremy S. Williams (DC 994825)
1021 East Cary Street, Suite 810
Richmond, Virginia 23219
Telephone: (804) 644-1700
Jeremy.Williams@kutakrock.com
*Counsel for the Donald H. Patterson, III Revocable Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: | Chapter 11 |
| CRACKED EGGERY INC., | Case No. 24-00416 (ELG) |
| Debtor. | Subchapter V |

## JOINT MOTION TO APPROVE SETTLEMENT

The Donald H. Patterson, III Revocable Trust (the "Trust"), by counsel, and Cracked Eggery Inc. (the "Debtor"), by counsel, jointly move for the entry of an order, substantially in the form of **Exhibit A** attached hereto, approving a settlement by and among the Trust and the Debtor pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Rules") resolving various matters, including the treatment of the claim of the Trust. In support of this Motion, the parties state as follows:

### Parties and Jurisdiction

1. The Debtor filed a voluntary petition (the "Bankruptcy Case") under Chapter 11 of 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Columbia (the "Bankruptcy Court") on December 5, 2024 (the "Petition Date").

2. The Trust is a creditor of the Debtor and a party in interest in these proceedings.

3. This is a core proceeding pursuant to 28 U.S.C. § 157. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

4926-7830-0022.2

**Background**

4. The Debtor is currently indebted to the Trust pursuant to that certain Promissory Note dated April 6, 2023, in the original principal amount of $1,350,286.36 (which replaced certain prior notes, the "Note"). In connection therewith, the Trust filed a secured claim in the amount of $1,622,361.36 [Claim No. 6-2] (the "Claim"), which the Debtor disputes.

5. In connection with the Note and to secure the obligations due and owing thereunder, the Debtor executed that certain Security Agreement dated June 22, 2021 (the "Security Agreement") which the Trust asserts grants it a first priority lien on all assets of the Debtor, including receivables and general intangibles. A UCC Financing Statement was filed with the DC Office of Tax and Revenue, Recorder of Deeds on December 8, 2023 (the "UCC Filing").

6. Prior to the Petition Date, the Debtor and the Trust engaged in litigation in the D.C. Superior Court over the parties' various rights and remedies under that certain Cracked Eggery, Inc. Shareholders' Agreement dated June 22, 2021 (the "Shareholders' Agreement"), among other things. The parties were unable to reach a resolution regarding the claims.

7. On December 19, 2024, the Trust filed its *Motion to Dismiss Case for Cause and Memorandum in Support Thereof* [Docket No. 18] (the "Motion to Dismiss"). The Motion to Dismiss sought dismissal of the Bankruptcy Case for cause, premised primarily on the assertions that the Debtor lacked the requisite shareholder authority to file and because state court is the more appropriate venue to address the open issues plaguing the Debtor. The Debtor denies the assertions set forth in the Motion to Dismiss and has opposed the relief requested therein.

8. The Motion to Dismiss was denied in part, without prejudice, pursuant to the *Order Denying Motion to Dismiss in Part Without Prejudice* [Docket No. 53] and the remainder of the Motion to Dismiss remains pending.

9. On January 8, 2025, the Debtor initiated an adversary proceeding against the Trust [Adv. Proc. No. 25-10001] (the "Debtor's Adversary Proceeding") and filed a *Complaint to Avoid Lien(s) or Other Interest(s) in Debtor's Property and For Declaratory Relief* [Adv. Proc. No. 25-10001; Docket No. 1]. The Debtor's Adversary Proceeding seeks a determination that the perfection of the lien granted to the Trust pursuant to the Security Agreement and UCC Filing should be deemed an avoidable transfer and set aside or that the lien is on its face invalid as to the current Promissory Note. The Debtor's Adversary Proceeding remains pending.

10. On February 20, 2025, the Trust initiated an adversary proceeding against the Debtor [Adv. Proc. No. 25-10003] (the "Trust's Adversary Proceeding" and together with the Debtor's Adversary Proceeding, the "Adversary Proceedings") and filed its *Complaint* [Adv. Proc. No. 25-10003; Docket No. 1]. The Trust's Adversary Proceeding seeks a determination that the outstanding obligations due and owing to the Trust, by the Debtor, are deemed nondischargeable pursuant to 11 U.S.C. § 523. The Debtor has opposed that relief. The Trust's Adversary Proceeding remains pending.

11. On March 5, 2025, the Debtor filed the *Debtor's Chapter 11 Plan of Reorganization Dated March 5, 2025* [Docket No. 57] (the "Plan"). No confirmation hearing has been set in connection with the Plan because of the pending litigation and accordingly, no objection deadline has yet been established. The Trust has indicated it intends to object to the Plan.

12. On March 13, 2025, the Trust filed its *Notice of Election Under 11 U.S.C. § 1111(b)* [Docket No. 58] (the "Notice of Election"), which the Debtor has objected to [Docket No. 60].

13. Over the past several months, the Debtor and the Trust, with the assistance of Lawrence Katz, the Subchapter V Trustee, have engaged in negotiations in an effort to reach a

4926-7830-0022.2

resolution and resolve the Adversary Proceedings, the Motion to Dismiss, the Notice of Election and to find a consensual path forward with respect to the Plan (collectively, the "Open Matters").

14. The Debtor and the Trust have reached such a resolution (the "Settlement Agreement") with respect to the Open Matters, the terms of which are as follows:

    i. The Debtor will file an amended Plan (the "Amended Plan") which provides that, pursuant to its terms:

        a. The Claim shall be deemed an allowed unsecured claim in connection with which the Debtor will remit payment to the Trust in the amount not less than $250,000 over a five-year period. Such payments will be remitted in accordance with the applicable provisions of the Bankruptcy Code regarding the priority of payments;

        b. All parties will maintain their equity in the company absent a further agreement regarding the same. Nothing herein shall limit the Debtor's or other shareholders' ability to redeem or repurchase any equity interest pursuant to future agreement or applicable law;

        c. The Debtor will indemnify the Trust and/or Donald Patterson with respect to any tax obligations owed by the Debtor as of the date of the filing of the Bankruptcy Case and for which a governmental entity seeks to hold either the Trust or Donald Patterson personally liable;

        d. Upon an event of default under the Amended Plan, so declared by an Order of the Bankruptcy Court, the Trust has the right to declare the Settlement Agreement void and has reserved all rights and remedies, including for the avoidance of doubt, the right to reassert all claims, including that the Trust is secured with respect to the Debtor's assets, and to seek dismissal or conversion of the Bankruptcy Case. Any default shall be subject to the 28-day cure period set forth in the Amended Plan, during which the Debtor may cure the default. No default will occur due to delays caused by the Court's schedule, the Government shutdown or the administrative process.

    ii. The Trust will vote in favor of such Amended Plan.

    iii. The parties will consent to the entry of orders dismissing the Adversary Proceedings and providing that the deadline for the parties to bring such actions is tolled through the date on which the Debtor fully consummates the terms of the Amended Plan. In the event of an Order confirming an event of default under the Amended Plan or the entry of an Order materially amending the

4

4926-7830-0022.2

stream of payments to the Trust, the parties shall have 90 days from the entry of such order to reassert such claims.

iv. The Motion to Dismiss and the Notice of Election shall be deemed withdrawn. The Trust reserves the right to reassert such remaining claims in the event of a default under the Amended Plan notwithstanding any prior orders of the Court regarding the same.

## RELIEF REQUESTED

15. By this Motion, the parties jointly and respectfully request the entry of the proposed Order attached hereto approving the Settlement Agreement.

## ARGUMENT

16. "To minimize litigation and expedite the administration of a bankruptcy estate, compromises are favored in bankruptcy." *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996). In determining whether to approve a compromise, the Court must look at various factors and determine whether the compromise is in the best interest of the estate and whether it is fair and equitable to the creditors of the estate. *In re Frye*, 216 B.R. 166, 174 (Bankr. E.D. Va. 1997). These factors include: (a) the probability of success in litigation; (b) the potential difficulties, if any, in collection; (c) the complexity of the litigation involved and the expense, inconveniences and delays necessarily attending it; and (d) the paramount interest of the creditors. *Id.* These factors help the Court determine whether it should approve the proposed compromise as fair and equitable to the creditors of the estate. *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377 (9th Cir. 1986); *Drexel, Burham, Lambert, Inc. v. Flight Transportation Corp. (In re Flight Transportation Corp. Securities Litigation)*, 730 F.2d 1128 (8th Cir. 1984); *In re Jackson Brewing Co.*, 624 F.2d 605 (5th Cir. 1980); *see also In re Austin*, 186 B.R. 397 (Bankr. E.D. Va. 1995) (discussing factors to approve settlements).

5

17. <u>The probability of success in litigation</u>.  If not for the Settlement Agreement, both parties have substantial risks in connection with the pending litigation.  Although each party believes it is likely to prevail, there is no certainty.  The Settlement Agreement allows for the parties to reduce potential exposure in such litigation and avoid the expense of litigation to likely arrive at the same result.  The parties believe that the Settlement Agreement is fair, equitable, and properly reflects the appropriate legal outcome.  This factor favors approval of the Settlement Agreement.

18. <u>The complexity of the litigation involved and the expense, inconveniences and delays necessarily attending it</u>.  Given the nature of the claims against one another, and the number of pending matters, the litigation to pursue the same could prove to be factually intensive and may require extensive trials or evidentiary hearings.  The parties would likely incur substantial fees in proceeding to litigation which would distract the Debtor from other aspects of administration of their Bankruptcy Case.  The uncertainty, expenses, inconveniences and delays attending a trial can all be avoided under the Settlement Agreement.  This factor favors approval of the Settlement Agreement.

19. <u>The paramount interest of the creditors</u>.  The Settlement Agreement allows for the Debtor to avoid costly litigation with the Trust which in turn allows for more funds to be available to all creditors in the case.  The parties believe this Settlement Agreement represents a means by which each can proceed in the most efficient manner possible to resolve the Open Matters.  This factor favors approval of the Settlement Agreement.

4926-7830-0022.2

**WHEREFORE**, the Bank requests the Court to approve the Settlement Agreement as to the Debtor and award any further relief the Court deems proper.

                                              **DONALD H. PATTERSON, III REVOCABLE TRUST**

                                              /s/ *Jeremy S. Williams*
                                                    Counsel

**KUTAK ROCK LLP**
Jeremy S. Williams ((DC 994825)
1021 East Cary Street, Suite 810
Richmond, Virginia 23219-4071
Telephone:     (804) 644-1700
Facsimile:     (804) 783-6192
Jeremy.Williams@kutakrock.com
*Counsel for the Donald H. Patterson, III Revocable Trust*
*Submitted Jointly By*:


/s/ *Kevin Robert Feig*
Kevin Robert Feig
McNamee Hosea
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770
Telephone: 301-441-2420
Email: kfeig@mhlawyers.com

4926-7830-0022.2

## **CERTIFICATE OF SERVICE**

       I hereby certify under penalty of perjury that on November 10, 2025, a true and exact copy of the foregoing was served via CM/ECF, electronic mail or first-class mail, postage prepaid, as follows:

Cracked Eggery Inc.  
c/o George Brickelmaier  
5709 3rd St S  
Arlington, VA 22204  
*Debtor*

Michael T. Freeman  
Office of the United States Trustee  
1725 Duke Street, Ste 650  
Alexandria, VA 22314  
Email: michael.t.freeman@usdoj.gov  
*Office of the U.S. Trustee*

Kevin Robert Feig  
McNamee Hosea  
6404 Ivy Lane, Suite 820  
Greenbelt, MD 20770  
Email: kfeig@mhlawyers.com  
*Counsel for the Debtor*

Lawrence Allen Katz  
Hirschler Fleischer  
1676 International Drive, Suite 1350  
Tysons, VA 22102  
lkatz@hirschlerlaw.com  
*Subchapter V Trustee*

                                              /s/ *Jeremy S. Williams*

4926-7830-0022.2

**EXHIBIT A**

4926-7830-0022.2

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

| | ) | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| CRACKED EGGERY INC., | ) | Case No. 24-00416 (ELG) |
| | ) | |
| Debtor. | ) | Subchapter V |
| | ) | |

**ORDER GRANTING JOINT MOTION TO APPROVE SETTLEMENT**

THIS MATTER comes before the Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Rules") seeking the resolution of various pending matters as between The Donald H. Patterson III Revocable Trust (the "Trust") and Cracked Eggery, Inc. (the "Debtor"), including the treatment of the asserted claim of the Trust. Based on the review of the Motion, the record and related pleadings, the Court makes the following findings and conclusions:

1. The Debtor filed a voluntary petition (the "Bankruptcy Case") under Chapter 11 of 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Columbia (the "Bankruptcy Court") on December 5, 2024 (the "Petition Date").

2. The Trust is a creditor of the Debtor and a party in interest in these proceedings.

3. This is a core proceeding pursuant to 28 U.S.C. § 157. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

4. The Debtor is currently indebted to the Trust pursuant to that certain Promissory Note dated April 6, 2023, in the original principal amount of $1,350,286.36 (which replaced certain prior notes, the "Note"). In connection therewith, the Trust filed a secured claim in the amount of $1,622,361.36 [Claim No. 6-2] (the "Claim"), which the Debtor disputes.

5. In connection with the Note and to secure the obligations due and owing thereunder, the Debtor executed that certain Security Agreement dated June 22, 2021 (the "Security Agreement") which the Trust asserts grants it a first priority lien on all assets of the Debtor, including receivables and general intangibles. A UCC Financing Statement was filed with the DC Office of Tax and Revenue, Recorder of Deeds on December 8, 2023 (the "UCC Filing").

6. Prior to the Petition Date, the Debtor and the Trust engaged in litigation in the D.C. Superior Court over the parties' various rights and remedies under that certain Cracked Eggery, Inc. Shareholders' Agreement dated June 22, 2021 (the "Shareholders' Agreement"), among other things. The parties were unable to reach a resolution regarding the claims.

7. On December 19, 2024, the Trust filed its *Motion to Dismiss Case for Cause and Memorandum in Support Thereof* [Docket No. 18] (the "Motion to Dismiss"). The Motion to Dismiss sought dismissal of the Bankruptcy Case for cause, premised primarily on the assertions that the Debtor lacked the requisite shareholder authority to file and because state court is the more appropriate venue to address the open issues plaguing the Debtor. The Debtor denies the assertions set forth in the Motion to Dismiss and has opposed the relief requested therein.

8. The Motion to Dismiss was denied in part, without prejudice, pursuant to the *Order Denying Motion to Dismiss in Part Without Prejudice* [Docket No. 53] and the remainder of the Motion to Dismiss remains pending.

9. On January 8, 2025, the Debtor initiated an adversary proceeding against the Trust [Adv. Proc. No. 25-10001] (the "Debtor's Adversary Proceeding") and filed a *Complaint to Avoid Lien(s) or Other Interest(s) in Debtor's Property and For Declaratory Relief* [Adv. Proc. No. 25-10001; Docket No. 1]. The Debtor's Adversary Proceeding seeks a determination that the perfection of the lien granted to the Trust pursuant to the Security Agreement and UCC Filing should be deemed an avoidable transfer and set aside or that the lien is on its face invalid as to the current Promissory Note. The Debtor's Adversary Proceeding remains pending.

10. On February 20, 2025, the Trust initiated an adversary proceeding against the Debtor [Adv. Proc. No. 25-10003] (the "Trust's Adversary Proceeding" and together with the Debtor's Adversary Proceeding, the "Adversary Proceedings") and filed its *Complaint* [Adv. Proc. No. 25-10003; Docket No. 1]. The Trust's Adversary Proceeding seeks a determination that the outstanding obligations due and owing to the Trust, by the Debtor, are deemed nondischargeable pursuant to 11 U.S.C. § 523. The Debtor has opposed that relief. The Trust's Adversary Proceeding remains pending.

11. On March 5, 2025, the Debtor filed the *Debtor's Chapter 11 Plan of Reorganization Dated March 5, 2025* [Docket No. 57] (the "Plan"). No confirmation hearing has been set in connection with the Plan because of the pending litigation and accordingly, no objection deadline has yet been established. The Trust has indicated it intends to object to the Plan.

12. On March 13, 2025, the Trust filed its *Notice of Election Under 11 U.S.C. § 1111(b)* [Docket No. 58] (the "Notice of Election"), which the Debtor has objected to [Docket No. 60].

13. Over the past several months, the Debtor and the Trust, with the assistance of Lawrence Katz, the Subchapter V Trustee, have engaged in negotiations in an effort to reach a

3

4926-7830-0022.2

resolution and resolve the Adversary Proceedings, the Motion to Dismiss, the Notice of Election and to find a consensual path forward with respect to the Plan (collectively, the "Open Matters").

14. The Debtor and the Trust have reached such a resolution (the "Settlement Agreement") with respect to the Open Matters, the terms of which are as follows:

   i. The Debtor will file an amended Plan (the "Amended Plan") which provides that, pursuant to its terms:

      a. The Claim shall be deemed an allowed unsecured claim in connection with which the Debtor will remit payment to the Trust in the amount not less than $250,000 over a five-year period. Such payments will be remitted in accordance with the applicable provisions of the Bankruptcy Code regarding the priority of payments;

      b. All parties will maintain their equity in the company absent a further agreement regarding the same. Nothing herein shall limit the Debtor's or other shareholders' ability to redeem or repurchase any equity interest pursuant to future agreement or applicable law;

      c. The Debtor will indemnify the Trust and/or Donald Patterson with respect to any tax obligations owed by the Debtor as of the date of the filing of the Bankruptcy Case and for which a governmental entity seeks to hold either the Trust or Donald Patterson personally liable;

      d. Upon an event of default under the Amended Plan, so declared by an Order of the Bankruptcy Court, the Trust has the right to declare the Settlement Agreement void and has reserved all rights and remedies, including for the avoidance of doubt, the right to reassert all claims, including that the Trust is secured with respect to the Debtor's assets, and to seek dismissal or conversion of the Bankruptcy Case. Any default shall be subject to the 28-day cure period set forth in the Amended Plan, during which the Debtor may cure the default. No default will occur due to delays caused by the Court's schedule, the Government shutdown or the administrative process.

   ii. The Trust will vote in favor of such Amended Plan.

   iii. The parties will consent to the entry of orders dismissing the Adversary Proceedings and providing that the deadline for the parties to bring such actions is tolled through the date on which the Debtor fully consummates the terms of the Amended Plan. In the event of an Order confirming an event of default under the Amended Plan or the entry of an Order materially amending the

4

      stream of payments to the Trust, the parties shall have 90 days from the entry of such order to reassert such claims.

    iv.    The Motion to Dismiss and the Notice of Election shall be deemed withdrawn. The Trust reserves the right to reassert such remaining claims in the event of a default under the Amended Plan notwithstanding any prior orders of the Court regarding the same.

14.    The Trust and the Debtor, upon exercising their business judgment, have mutually determined that the Settlement Agreement is in the best interest of the Trust and the Debtor's estate.

15.    Notice of the Motion was properly served on all parties in interest pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

1.    The Motion is granted and the Settlement Agreement is approved.

2.    The parties are authorized to take all necessary actions and execute all required documents to consummate the terms of any agreements executed in connection with the Settlement Agreement.

3.    The Court retains jurisdiction to resolve any issues arising in connection with the Settlement Agreement.

4.    All necessary parties shall receive a copy of this Order via the Court's ECF system.

Case 24-00416-ELG    Doc 83    Filed 11/10/25    Entered 11/10/25 11:16:34    Desc Main
                    Document      Page 15 of 15

Order submitted by:


 /s/ *Jeremy S. Williams*
**KUTAK ROCK LLP**
Jeremy S. Williams ((DC 994825)
1021 East Cary Street, Suite 810
Richmond, Virginia 23219-4071
Telephone:     (804) 644-1700
Facsimile:     (804) 783-6192
Jeremy.Williams@kutakrock.com
*Counsel for the Donald H. Patterson, III Revocable Trust*


Seen and Agreed:

/s/ *Kevin Robert Feig*
Kevin Robert Feig
McNamee Hosea
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770
Email: kfeig@mhlawyers.com
*Counsel for the Debtor*


Seen and No Objection:


Lawrence A. Katz
Hirschler Fleischer
1676 International Drive, Suite 1350
Tysons, VA 22102
Email:  lkatz@hirschlerlaw.com
*Subchapter V Trustee*

6

4926-7830-0022.2